IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kathy Reaves, ) | | C/A No. 4:24-cv-3418-JD |
|               Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | **ORDER AND OPINION** |
| Patrick Dean Blanchard, Charles Michael ) | | |
| Dickens, James A. Segars, Christopher N. ) | | |
| Williamson, Kenneth Phelps, South Carolina) | | |
| Highway Patrol, Richardson Plowden, ) | | |
| Patrick L. Huff, Lisa Thomas, Lori Jenelle, ) | | |
| Director, South Carolina Dept of Public ) | | |
| Safety, ) | | |
|               Defendants. ) | | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 13.) Plaintiff Kathy Reaves ("Plaintiff" or "Reaves"), proceeding *pro se,* filed this action on June 3, 2024, in the United States District Court for the Southern District of Georgia. (DE 1.) On the same date, Plaintiff also moved to proceed in forma pauperis ("IFP"). (DE 2.) The case was transferred to this Court on June 7, 2024. (DE 5.) On June 14, 2024, Plaintiff was ordered to comply with this Court's 2023 pre-filing injunction order's parameters and requirements, and Plaintiff was instructed that a failure to comply would result in a denial of leave to file in this Court and dismissal of this action. (DE 8.) Plaintiff filed a response to that order, but the response did not comply with the requirements of the pre-filing injunction order.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Later, on June 16, 2024, the Magistrate Judge issued the Report (DE 13) recommending the dismissal of the complaint. The Report noted that on January 25, 2024, this Court entered an order instituting a pre-filing injunction against Reaves on actions within certain parameters. (*Id.* p. 2; s*ee also* No. 4:23-cv-3847-JD (DE 25)). The pre-filing injunction ordered:

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is ORDERED to accompany any newly filed Complaint with a "Motion for Leave to File Pursuant to Court Order," which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre- filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a "Motion for Leave to File Pursuant to Court Order" submitted by Plaintiff.

(DE 13, p. 2.) The Report concluded Reaves's Complaint "related to any event regarding the Georgia warrant" and its effect falls within the pre-filing injunction order's parameters and its requirements. (*Id*. p. 2.) Accordingly, the Report recommends "Plaintiff be denied leave to file this action in this court, this action be dismissed, and the motion for *in forma Pauperis* (ECF No. 2) be rendered moot as the 2023 order required Plaintiff to pay the filing fee." (*Id.*)

Reaves objected to the Report on July 23, 2024. At any rate, objections to a report and recommendation must be specific to be actionable. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver

2

rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal— *that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Here, Reaves's objection does not address the Report, including this Court's pre-filing injunction or her effort to comply with the same. Rather, Reaves's response centers on whether there was a warrant for her arrest, among other challenges to her detention and its derivative effects on her. (DE 18.) The response also raises other equitable motions and requests. (*Id.*) But these claims do not address the deficiencies identified in the Report, including her failure to comply with the pre-filing injunction after notice and an opportunity to cure noncompliance. The Court has reviewed the Report, Reaves's pleadings, her response to the Report, and other relevant filings. For the reasons stated by the Magistrate Judge, the Report is accepted, and to the extent that her objections address the recommendations in the Report, the objections are overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 13) and incorporates it by reference.

Therefore, it is **ORDERED** that this action is summarily dismissed in its entirety with prejudice and without issuance and service of process because Reaves has not complied with this Court's pre-filing injunction, and Reaves's pending motions (DE 15, DE 16, DE 17, DE 20, and DE 21) are denied as moot.

**IT IS SO ORDERED**.

August 22, 2024
Florence, South Carolina

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.